No. 2800.

JOHN F. SPEER AND JOHN NOLAND v. THE STATE.

1. THEFT—EVIDENCE—CONTINUANCE.—See the statement of the case for the substance of absent testimony set out in an application for continuance *held* material to the defense, and probably true. Wherefore the refusal of the continuance and of a new trial was error.

2. PRACTICE IN THIS COURT.—The innocence of the appellants having been clearly demonstrated since their conviction, this court, as an act of justice to them, states that fact.

APPEAL from the District Court of Young. Tried below before the Hon. P. M. Stine.

The appellants were jointly indicted, tried and convicted for the theft of a horse, the property of Harmison & Wright, in Young county, Texas, on or about the first day of June, 1888. The penalty assessed against each of the appellants was a term of five years in the penitentiary.

The defense relied upon in this case was that the animal discovered in the possession of the defendants and the animal described in the indictment as the animal of Harmison & Wright, although similar in appearance, were, in fact, two different and distinct animals, and that the animal found in the possession of the defendants was an animal purchased by them from one Walker, at a time when Harmison & Wright had their similar animal in their own possession under herd. The defendants applied for a continuance to secure the witnesses Pruitt, Quin and Walker, by the former of whom they proposed to prove that he, the witness, was at the house of the defendant Speer on May 24, 1888, when, as Harmison & Wright would both testify, they had their animal under herd, and that the witness saw the animal claimed by defendants, and knew that it was not the Harmison & Wright animal. They proposed to prove by Quin that, between May 10 and May 12, 1888, he met one Walker on the Belknap and Jacksboro road, going toward the place of the defendants, and that said Walker then had in his possession the identical horse afterward found in the possession of the defendants. By Walker they proposed to prove that be-

tween May 10 and May 12, 1888, he sold the said identical animal to the defendant Speer for a good and valuable consideration. The application for a continuance to obtain this testimony was overruled.

On the trial the State proved by the witnesses Harmison and Wright that they, in partnership, owned a stock of horses which ran on the range in Young county, and among them an old gray mare and her blue roan filly, which is the animal referred to in the indictment. The mare and filly were gathered late in April, 1888, and placed in the herd, whence they escaped two or three weeks afterwards. The witnesses never afterwards found the old mare, but in July found the filly in the pasture of the defendants, who claimed it as an animal they purchased from a man named Walker. The witnesses, however, identified the animal as their property, although, having finished shedding, it was of lighter color than when it escaped from the herd. The filly was not branded either when it escaped nor when it was recovered. Witnesses, on the examining trial, testified that the mare and filly were gathered on May 23 and escaped on June 5. In that statement, however, they had found, by computing time and comparing dates, they were mistaken. Other State witnesses identified the animal recovered from the defendants as the Harmison & Wright filly.

By John Hart, who, for a time, had herded for Harmison & Wright the bunch of horses which included the gray mare and the filly before mentioned, the defense proved that the filly taken from them and claimed by Harmison & Wright was not in fact the Harmison & Wright filly; that it resembled that filly very closely except in height, being five or six inches taller.

Mrs. Nolan testified, for the defense, that she was present and witnessed the purchase by defendants of the animal claimed by them from one Walker.

The opinion refers to the affidavits filed pending this appeal, which disclose that, subsequent to the conviction of these defendants, Harmison & Wright have found and recovered their animals, the filly being another than that claimed by the defendants.

No brief for the appellants.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.  On the trial below, both these appellants were convicted of the theft of a certain horse, the property of George Wright and Frank Harmison.

Confession of error is made by the Assistant Attorney General as to the ruling of the court in overruling defendant's application for a continuance.  As set forth in said application, the most material testimony sought was that of the witnesses Quin and Walker, and, considered in the light of the testimony adduced on the trial, this testimony is not only material but probably true.

Since this appeal has been taken from the judgment of conviction, it has transpired that the animal which was alleged to have been stolen by these defendants, and for which they have been convicted, was not stolen, in fact, but has been since found, *and that the defendants are innocent of the charge.*  It is a clear case of mistaken identity of the animal charged to have been stolen.  This is made to appear by the affidavits of the prosecuting witnesses, George Wright and Frank Harmison, the alleged owners of the stolen animal, the affidavit of the sheriff of Young county, and the certificate of the Hon. P. M. Stine, the judge presiding at the trial, who expresses a desire that the judgment of conviction should be set aside.  These original affidavits and said certificate have been filed in this court since the transcript was sent up.  And, whilst they are matters which can not be legitimately considered by us on the appeal, we refer to them as a simple act of justice to these appellants.  (Roy v. The State, 24 Texas Ct. App., 369.)

Because the court erred in overruling the application for continuance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*